D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

**BEATA BALBUENA,**

                **Plaintiff,**             **COMPLAINT**

    v.

**LE BERNARDIN, INC. and ERIC RIPERT,**       **DEMAND FOR JURY TRIAL**

        **Defendants.**

-----------------------------------------------------------x

Plaintiff Beata Balbuena alleges as follows:

## INTRODUCTION

1.    Le Bernardin is one of the finest restaurants in the United States, and Defendant Eric Ripert is one of the world's most celebrated chefs. Ripert apparently believes that this elevated status puts him beyond the law and basic human decency. Plaintiff, a sommelier at the restaurant and an excellent employee, suffered an unfortunate epileptic seizure while at the restaurant. Roughly two weeks later, with a total lack of compassion and complete disregard of the law, Mr. Ripert terminated Plaintiff's employment because she was a "liability" to the restaurant.

## JURISDICTION AND VENUE

2.    Plaintiff brings this action against Le Bernardin, Inc. and Eric Ripert, alleging claims of disability discrimination, in violation of the Family and Medical Leave Act ("FMLA")

28 U.S.C. § 2601, *et seq,* the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq,* and New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101 *et seq.*

3.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under \ the FMLA. This Court has supplemental jurisdiction over New York state law claims brought under the NYSHRL and NYCHRL, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

5.      Defendant Le Bernardin, Inc. is a New York Corporation that operates Le Bernardin restaurant in Manhattan.

6.      Defendant Eric Ripert is a chef/owner and operator of Le Bernardin.

7.      Upon information and belief, Defendant Ripert exercises sufficient control of the restaurant's day to day operations to be considered Plaintiff's employer.

8.      Defendant Ripert executed the specific employment actions that form the basis of this lawsuit.

9.      All Defendants are hereinafter collectively referred to as "Defendants."

10.     Plaintiff Beata Balbuena worked for Defendants as a sommelier for approximately two and a half years, until June 20, 2017.

## FACTS

2

11.     Plaintiff worked for Defendants as a sommelier for about two and a half years.

12.     Plaintiff suffers from epilepsy.

13.     On June 4, 2017, Plaintiff suffered an epileptic seizure on the restaurant floor and was rushed to the hospital.

14.     Plaintiff was instructed to take off work the following days for medical reasons.

15.     Plaintiff was cleared to return to work as of June 8, 2017.

16.     Plaintiff produced to Defendants her clearance from Mt. Sinai hospital to return to work after the incident. Specifically, her doctor stated that she could "return to work immediately."

17.     Plaintiff was instructed by Wine Director Aldo Sohm to take the rest of the week off.

18.     The following week, Plaintiff informed Defendants that she wished to return to work.

19.     Mr. Sohm emailed Plaintiff and instructed her to take that week off as well.

20.     On June 16, 2017, Plaintiff again requested by email to be put back on the schedule. Mr. Sohm responded that Plaintiff will be back on the schedule for the week of June 19, 2017.

21.     Later that same day, Mr. Sohm informed Plaintiff that Katie Broad, the Director of Operations, did not want Plaintiff back on the schedule. Plaintiff was instructed to attend a meeting with Defendant Ripert and Katie Broad on June 20, 2017, at 4:00 p.m.

22.     When Plaintiff arrived for the aforementioned meeting on June 20, 2017, Defendant Ripert told Plaintiff that he wanted her to leave the restaurant in exchange for a small sum of money, because she was a "liability" to the restaurant.

23.     Mr. Ripert suggested that Plaintiff find another career altogether given her medical condition.

3

24.    Plaintiff was stunned that Defendant Ripert was so heartless and unsympathetic to her as a human being, let alone unconcerned with her legal rights as a disabled person.

25.    Plaintiff pled with Defendant Ripert and told him that she did not want to leave the restaurant. She stressed that she could continue working with no recurrent seizures, as long as she took her medication.

26.    Defendant Ripert paternalistically told Plaintiff to "take care of herself." In reality, he was concerned only with the well-being of the restaurant, which he believed would somehow be harmed by Plaintiff's continued employment. To this end, he stated several times to Plaintiff that he wanted her to leave because she was a "liability" to the restaurant and could "hurt people around her."

27.    Plaintiff insisted that she wanted to remain working at the restaurant. She said that she would return to her doctor and let Mr. Ripert know what her doctor said about the likelihood of a recurrence.

28.    Defendant Ripert reiterated his skepticism insisting that "no doctor could guarantee 100%" that she will not have any more seizures and that without such an assurance she should not return.

29.    Given that it was in fact impossible for Plaintiff to receive 100% assurance that she would never suffer another seizure, Mr. Ripert effectively terminated Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(FMLA-29 U.SC. § 6501 *et seq* )**

30.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31.    In violation of the FMLA, Defendants intentionally discriminated against Plaintiff because she took FMLA protected leave.

4

32.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

33.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

34.    Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

35.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; liquidated damages; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Human Rights Law-
### N.Y. Exec. Law § 296(1) – Disability Discrimination)

36.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37.    In violation of NYSHRL, Defendants intentionally discriminated against Plaintiff on the basis of her disability and/or perceived disability.

38.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

39.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to

emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

40.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected rights.

41.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL")
### N.Y. Admin. L. §§ 8-101 *et seq.* – Disability Discrimination)

42.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

43.     A copy of this Complaint will be delivered to the New York City Corporation Counsel.

44.     In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her actual or perceived disability by terminating Plaintiff.

45.     As a direct and proximate result of Defendants' disability discrimination against Plaintiff, she has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary.

46.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

6

47.     Defendants' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Plaintiff's statutorily-protected civil rights.

48.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.     An award of damages, according to proof, including, back pay, front pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendants;

B.     Penalties available under applicable laws;

C.     Costs of action incurred herein, including expert fees;

D.     Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988(b) and other applicable statutes;

E.     Pre-judgment and post-judgment interest, as provided by law; and

F.     Such other and further legal and equitable relief as necessary, just, and proper.

Dated: New York, New York
July 12, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____

D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which

she has a right to jury trial.

8